IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

LAURA Y.,                              §
                                       §
       Plaintiff,                      §
                                       §
V.                                     §    No. 3:17-cv-2431-BN
                                       §
NANCY A. BERRYHILL,                    §
Acting Commissioner of Social Security,§
                                       §
       Defendant.                      §

**MEMORANDUM OPINION AND ORDER**

Plaintiff Laura Y. seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons explained below, the hearing decision is reversed.

**Background**

Plaintiff alleges that she is disabled due to a variety of ailments including chronic obstructive pulmonary disease ("COPD"), high blood pressure, hyperlipidemia, meralgia paresthetica, allergies, bilateral carpal tunnel syndrome, asthma, and chronic pain in her legs and lower back. After her applications for disability insurance benefits and supplemental security income ("SSI") benefits were denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on May 25, 2016. *See* Dkt. No. 11 (Administrative Record ["AR"] at 33-68). At the time of the hearing, Plaintiff was 52 years old. She has an eleventh grade education and has past work experience as a home health aide,

cashier/checker, nurse's aide, and warehouse worker. Plaintiff has not engaged in substantial gainful activity since September 2, 2012.

The ALJ found that Plaintiff was not disabled and therefore not entitled to disability or SSI benefits. *See id.* at 20-28. Although the medical evidence established that Plaintiff suffered from hypertension, degenerative joint disease of the hips and left knee, obesity, meralgia paresthetica of the hip, and carpal tunnel syndrome, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that Plaintiff had the residual functional capacity to perform a limited range of light work but that she could not return to her past relevant employment. Relying on a vocational expert's testimony, the ALJ found that Plaintiff was capable of working as a cashier II, marker, and garment sorter – jobs that exist in significant numbers in the national economy.

Plaintiff appealed that decision to the Appeals Council. The Council affirmed.

In a single ground for relief, Plaintiff contends that the ALJ committed reversible error by failing to consider the factors set forth in 20 C.F.R. §§ 404.1527 before declining to give weight to the post-hearing opinion of the examining physician.

The Court determines that the hearing decision must be reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

## Legal Standards

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole

and whether Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). The Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

"In order to qualify for disability insurance benefits or [supplemental security income], a claimant must suffer from a disability." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). A disabled worker is entitled to monthly social security benefits if certain conditions are met. *See* 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued

period of 12 months. *See id.* § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985).

"In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007).

The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Copeland*, 771 F.3d at 923; *Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Copeland*, 771 F.3d at 923; *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective

evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

## Analysis

Plaintiff contends that the ALJ erred by rejecting uncontroverted opinion evidence from a nontreating, examining physician without applying the Section 404.1527 criteria and that the ALJ's reasons for rejecting the examining physician's opinion are contrary to substantial evidence.

At the administrative hearing, Plaintiff's attorney requested a consultative examination due to the relative lack of clinical examinations that were conducted by Plaintiff's medical providers at Parkland Memorial Hospital. *See* AR at 38-40. After the administrative hearing, the ALJ arranged for a July 12, 2016 orthopedic consultative examination with Ronnie Shade, M.D. *See* AR at 39-40, 66-67, 299-300, 418-20.

During the exam, Plaintiff reported pain to the neck, lower back, bilateral hands/wrists, and ankles. *See id.* at 418. Dr. Shade noted that Plaintiff ambulated with a cane and reported a history of frequent falls. *See id.* Upon examination of the cervical spine, Dr. Shade observed generalized motor weakness bilaterally with decreased range of motion, tenderness, and positive compression and distraction signs. *See id.* at 419. With regard to the lumbar spine, Dr. Shade noted a slow and robotic gait as well as iliolumbar tenderness, muscle spasms, and weakness of the left leg and right leg flexor and extensors. *See id.* He also noted a positive straight-leg raise on the right as well as clonus and a positive Tinel's sign. *See id.* Dr. Shade examined Plaintiff's hands to find mild tenderness and decreased range of motion in wrist flexion and extension bilaterally. *See id.* at 420. He assessed Plaintiff with cervical radiculopathy, suspected spinal stenosis, lumbar radiculopathy, arthralgia of the ankles, bilateral carpal tunnel syndrome, and meralgia paresthitica. *See id.* Dr. Shade also reported that Plaintiff required assistance with sitting, standing, and arising from a squatting position, and he considered her prognosis poor. *See id.*

Dr. Shade also completed a medical source statement regarding Plaintiff's work-related limitations. *See id.* at 412-17. In his statement, Dr. Shade reported that Plaintiff could occasionally lift up to twenty pounds but could not carry more than ten pounds. *See id.* at 412. He reported that Plaintiff could sit for four hours and could stand or walk for only one hour of an eight-hour workday. *See id.* at 413. He indicated that Plaintiff required the use of a cane to ambulate, *see id.,* and that she could occasionally engage in handling, reaching overhead, or pushing/pulling, *see id.* at 414. He reported that Plaintiff was unable to climb ladders or scaffolds, stoop, kneel, crouch, or crawl, and he indicated that Plaintiff should avoid exposure to several environmental conditions, including heights, humidity, and extreme temperatures. *See id.* at 415. Dr. Shade opined that there was a reasonable degree of medical probability that these limitations first presented in 2012. *See id.* at 417.

In her decision, the ALJ found Plaintiff far less limited than Dr. Shade reported. The ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work with frequent handling/fingering; occasional balancing, climbing, stooping, kneeling, crouching, and crawling; and no climbing ladders, ropes, or scaffolds. *See id.* at 28.

The ALJ explained that, in making the RFC determination, she gave Dr. Shade's opinion "very little weight" because it was "based on a one-time examination" and "largely based on the claimant's self-reports, which are inconsistent with the medical record." *Id.* at 26.

Prior to January 18, 2017, the Commissioner's regulations divided opinion evidence according to three types of acceptable medical sources: (1) treating sources (physicians who share an "ongoing treatment relationship" with the claimant); (2) non-treating sources (physicians who lack the treatment relationship but have personally examined the claimant), and (3) non-examining sources (physicians who have neither examined nor treated the claimant).[1] *See* 20 C.F.R. §§ 404.1502, 416.902 (2016); *Alejandro v. Barnhart*, 291 F. Supp. 2d 497, 507 (S.D. Tex. 2003). The classifications of opinion evidence are relevant to the weight that the opinion is given.

The opinion of a treating physician who is familiar with the claimant's impairments, treatments, and responses should be accorded great weight in determining disability. *See Leggett v. Chater*, 67 F.3d 558, 566 (5th Cir. 1995); *Greenspan*, 38 F.3d 232, 237 (5th Cir. 1994). A treating physician's opinion on the nature and severity of a patient's impairment will be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with ... other substantial evidence." *Martinez v. Chater*, 64 F.3d 172, 175-76 (5th Cir. 1995) (citing 20 C.F.R. § 404.1527(c)(2) ). And "[t]he opinion of a

---

[1]On January 18, 2017, the Administration amended the regulations concerning opinion evidence. *See* 82 Fed. Reg. 5844, 5854 (Jan. 18, 2017). These revisions include changes to the categories of opinion evidence. *See* 20 C.F.R. §§ 404.1502, 416.902 (2017). The Administration also revised the criteria for evaluation opinion evidence, deferring to Section 404.1520 (as opposed to Section 404.1527) for claims filed on or after March 27, 2017. *See* 20 C.F.R. §§ 404.1520c, 416.920c (2017). In this case, Plaintiff filed her applications on April 14, 2014. (AR at 178, 182). Therefore, the pre-2017 regulations apply.

specialist generally is accorded greater weight than that of a non-specialist." *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000).

But "the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion" and when good cause is shown. *Id.* at 455. An ALJ may show good cause "where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence." *Id.* at 456.

20 C.F.R. § 404.1527(c)(2) requires the ALJ to consider specific factors "to assess the weight to be given to the opinion of a treating physician when the ALJ determines that the opinion is not entitled to 'controlling weight.'" *Id.* at 455-56 (internal quotations omitted). Specifically, the ALJ must consider: (1) the physician's length of treatment of the claimant; (2) the physician's frequency of examination; (3) the nature and extent of the treatment relationship; (4) the support of the physician's opinion afforded by the medical evidence of record; (5) the consistency of the opinion with the record as a whole; and (6) the specialization of the treating physician. *See id.* at 455; 20 C.F.R. § 404.1527(c)(2).

Although the Section 404.1527 factors appear to focus on treating source opinions, the regulations state that, "[r]egardless of its source," the Commissioner shall consider "all" of the factors "in deciding the weight we give to any medical opinion." 20 C.F.R. §§ 404.1527(c), 416.927(c). "Consequently, opinions of one-time examining physicians ... are weighed under the same factors as treating physicians including

supportability, consistency, and specialization." *White v. Comm'r of Soc. Sec. Admin.*, 970 F. Supp. 2d 733, 752 (N.D. Ohio 2013) (quoting *Douglas v. Astrue*, 832 F. Supp. 2d 813, 824 (S.D. Ohio 2011)); *see also, e.g.*, *Nicaragua v. Colvin*, No. 3:12-cv-2109-G-BN, 2013 WL 4647698, at *5 (N.D. Tex. Aug. 5, 2013) (remanding where ALJ had "obligation to consider each of the Section 404.1527 factors" when determining the weight to give examining physician's opinion); *Singleton v. Astrue*, No. 3:11-cv-3223-BN, 2013 WL 460066, at *5 - *6 (N.D. Tex. Feb. 6, 2013) (remanding where ALJ failed to weigh opinions from treating and examining physician).

Here, Dr. Shade was the only physician who both examined Plaintiff and offered an opinion on her limitations. The only other physicians who offered an opinion concerning Plaintiff's work-related limitations were the State agency non-examining consultants, who also found Plaintiff to be less limited than Dr. Shade reported. They opined that Plaintiff could perform light work and occasional postural activities but could never climb ladders, ropes and scaffolds. *See* AR at 25, 73-74, 81-83, 92-93, 102-104. The ALJ gave the consulting physicians' opinions "partial weight." But the opinions of non-examining physicians, taken alone, are insufficient evidence to support an ALJ's decision, and the ALJ may rely on a non-examining physician's report of limitations only when it is consistent with the examining physician's opinion. *See Kneeland v. Berryhill*, 850 F.3d 749, 761 (5th Cir. 2017); *accord Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990); *Strickland v. Harris*, 615 F.2d 1103, 1109-10 (5th Cir. 1980).

Accordingly, because Dr. Shade was the only examining physician to opine concerning Plaintiff's work-related activities, the ALJ erred by rejecting Dr. Shade's opinion without considering the Section 404.1527 factors.

The ALJ gave three reasons for rejecting Dr. Shade's opinion: (1) it was based on a one-time exam; (2) it was based on Plaintiff's self-reports; and (3) Plaintiff's cane was not prescribed and no treating source had indicated that is was medically necessary. Plaintiff contends that those reasons are contrary to substantial evidence and do not reflect the Section 404.1527 criteria.

First, the ALJ rejected Dr. Shade's opinion because "it is based on a one-time exam." But a "non-treating physician" is, by definition, a medical source who lacks an ongoing treatment relationship with the claimant but has personally examined the claimant, *see* 20 C.F.R. §§ 404.1502, 416.902 (2016), albeit if only once.

Second, the ALJ rejected Dr. Shade's opinion because it was "largely based on the claimant's self-reports, which are inconsistent with the medical record." AR at 26. But the ALJ did not cite any specific evidence of an inconsistency. Instead, the ALJ's only explanation was that, "[f]or example, the record shows fairly mild clinical findings and consistently minimal conservative treatment." *Id.*; *see Bragg v. Comm'r of Soc. Sec. Admin.*, 567 F. Supp. 2d 893, 912 (N.D. Tex. 2008) (holding that the ALJ must do more than provide a blanket allegation that the evidence does not support the physician's opinion); *see also Jackson v. Colvin,* 240 F. Supp. 3d 593, 603-04 (E.D. Tex. 2017) (rejecting Commissioner's *post hoc* argument where ALJ made blanket assertion that

opinions were "inconsistent with the medical evidence of record" but did not say what evidence was inconsistent).

Nor did the ALJ cite to evidence that suggests Dr. Shade was parroting Plaintiff's complaints. The evidence shows that Dr. Shade documented findings such as decreased range of motion, positive compression and distraction signs, generalized motor weakness, muscle spasms, tenderness, and left lower extremity weakness. *See id.* at 419. The ALJ's assertion that Dr. Shade relied on anything other than his own medical findings is mere speculation. *See Fields v. Bowen*, 805 F.2d 1168, 1171 (5th Cir. 1986) (remanding where ALJ's finding that plaintiff could perform other work was without supporting evidence and was "mere speculation"); *Holliday v. Colvin*, 195 F. Supp. 3d 1192, 1202 (D . Kan. 2016) (remanding where ALJ believed physicians relied on plaintiff's self reports but decision "cites to nothing in the reports themselves or in the doctors' records from which that finding might be derived"); *see also Kneeland*, 850 F.3d at 761 n.59 (noting that federal court may only affirm on the grounds Commissioner provided in her decision).

And third, the ALJ rejected Dr. Shade's opinion because Plaintiff's "cane is not prescribed, and no treating source has indicated it is medically necessary." AR at 26. Although no physician reported a cane was medically necessary, several medical providers observed that Plaintiff used a cane to ambulate while attending her medical appointments, *see id.* at 378, 389, 406, and the consultative examination with Kelley

Davis, M.D., revealed diminished muscle strength in the lower extremities, hyperesthesia to the left lower extremity, and a slow, limiting gait, *see id.* at 377, 378.

And even if the ALJ were correct to find that a cane was not medically necessary, her decision fails to explain why Dr. Shade's findings concerning Plaintiff's other limitations are without merit. *See Price*, 572 F. Supp. 2d at 711 (remanding where ALJ failed to explain why other limitations reported by treating source were not adopted).

But reversal is only warranted if the claimant shows that he was prejudiced by the ALJ's error. Here, where the ALJ might have reached a different decision as to RFC if she had given Dr. Shade's opinion greater weight after properly considering the Section 404.1527 factors, prejudice is established here. *See Bornette v. Barnhart*, 466 F. Supp. 2d 811, 816 (E.D. Tex. 2006) (citing *Newton*, 209 F.3d at 458; *Ripley*, 67 F.3d at 557).

Accordingly, for all of these reasons, the ALJ's decision should be reversed.[2]

## Conclusion

The hearing decision is reversed and this case is remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

---

[2] By remanding this case for further administrative proceedings, the Court does not suggest that Plaintiff is or should be found disabled.

DATED: March 11, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE